IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HECTOR BONILLA,

        Petitioner,

v.                                              CIV 01-344 LH/KBM

ERASMO BRAVO, Warden,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Hector Bonilla's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 and motion to accept his petition as timely *(Docs. 1, 3)*, and Respondent's Answer and Motion To Dismiss *(Docs. 10, 12)*.  Because Bonilla filed this § 2254 action after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its one-year statute of limitations applies.  Pursuant to 28 U.S.C. § 2244(d)(1), the limitations period runs "from the latest" of four possible periods, only one of which is implicated here – the date the conviction became final.  Because the petition is untimely and because Bonilla's grounds for equitable tolling are not sufficient, I recommend that Respondent's motion be granted and the petition be dismissed as time-barred.

*Conviction Became "Final" On July 12, 1999*

      In November 1997, Bonilla was sentenced to thirty and one-half years imprisonment after a jury found him guilty of attempted murder, aggravated burglary, and being a felon in possession of a firearm and the court found him to be a habitual offender with two prior felony convictions.

*Answer, Exh. A.*[1]  On direct appeal, New Mexico Supreme Court denied certiorari on April 13, 1999.  *See Exhs. B-T.*  Adding ninety days during which Petitioner could have petitioned the Supreme Court of the United States, the one-year limitations period began to run on Monday, July 12, 1999.  *E.g., Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001); *Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999), *cert. denied,* 528 U.S. 1084 (2000).  Thus, absent tolling, his federal petition would have been due Tuesday, July 11, 2000.

***With Tolling For Postconviction Proceeding, Federal Petition Was Due October 9, 2000***

Under 28 U.S.C. § 2244(d)(2), a "properly filed application for State post-conviction or collateral review" tolls the limitations period.  Petitioner pursued state habeas relief during the limitations period.  The clerk filed the state petition on August 20, 1999 and the district court denied it on October 18, 1999, thereby tolling the limitations period for fifty-nine days.  *See Exhs. V-Y.*  Adding the thirty days in which Petitioner could have appealed the denial to the New Mexico Supreme Court (which he did not), brings the total tolling period to eighty-nine days.[2]  Thus, Bonilla's federal petition was due eighty-nine days from July 11, 2000, or Monday, October 9, 2000 (since the due date actually fell on Sunday, October 8, 2000).

Bonilla signed his federal petition on March 22, 2001, which was filed on March 26, 2001.  *Doc. 1.*  Thus, assuming he placed the petition in the prison mail system on the date he signed it

---

[1] Unless otherwise noted, all citations to exhibits are those attached to Respondent's Answer.

[2] *See Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"); N.M. R. CRIM. P. 502(G)(2) ("within thirty . . . days after the district court's decision . . . if the writ is denied, a petition for certiorari may be filed with the Supreme Court").

and that this is the only state proceeding that qualifies under § 2244(d)(2), the federal action was filed more than five months past the expiration of the limitations period.

### *State Habeas Challenging Conditions Of Confinement Does Not Qualify For Tolling*

Another state filing potentially qualifies for tolling – the December 14, 1999 state habeas petition challenging his transfer to a Virginia prison. During his direct appeal, Bonilla was housed in the Guadalupe County Correctional Facility in New Mexico. Due to an inmate riot on August 31, 1999, a number of inmates were temporarily transferred to a Virginia prison. *See Doc. 15* (Shanks 9/5/00 letter).[3] Petitioner was among them, apparently transferred in September 1999 and returned in April or May 2000. *See Exh. Z* (Bonilla was in Virginia for eight months)*; Doc. 11* (showing inmate Hagle was transferred on 9/3/99); *Doc. 15* at 1 (Bonilla was in Virginia "for nine months"); *id.* (7/12/00 grievance at p. 2; "[Bonilla] was in . . . pod the day of the riot, and then moved to H-2 A-104 . . . when they told [him] to get ready to move out").

Petitioner was in contact with his family while in Virginia, and his family contacted the New Mexico state public defender asking it to send Bonilla forms to file a writ of habeas corpus. The office responded by sending Bonilla a "form" petition prepared by the state public defender, challenging the New Mexico inmates' conditions of confinement in the Virginia prison. *See Doc. 15* (Pori 11/5/99 letter, 12/14/99 petition in No. 99-992).

One of the conditions of confinement claims was a denial of access to the courts. The preprinted portion of the petition alleged that the Virginia facility did not have "New Mexico statutes or case reports," "many inmates were transferred to [Virginia] without the legal materials

---

[3] Petitioner attached a number of documents to his "Reply To Respondent's Response To Petitioner's Motion Instanter" but did not number them. *See Doc. 15.*

which they had accumulated," and "although there is nominal legal access to New Mexico inmates through a law library request form, officials . . . often ignore, delay, or respond inadequately to these requests." *Doc. 15* (12/14/99 petition in No. 99-992 at 7). In the fill-in portion of the petition, Bonilla specifically alleged that his "federal and state appeal" were affected. *Id.*

The language of the pertinent statute specifically restricts tolling to "a properly filed application for State post-conviction or other collateral review <u>with respect to the pertinent judgment or claim.</u>" 28 U.S.C. § 2244(d)(2) (emphasis added). Very few cases have construed the "with respect to" portion of the statute. In a published opinion, the Sixth Circuit held:

> The tolling provision applies to a pending state review 'with respect to the pertinent judgment or claim . . . .' 28 U.S.C. § 2244(d)(2 ) (emphasis added). Just as such state review must concern a federally cognizable claim to toll the AEDPA period of limitation, <u>so also the rule should be that such review must concern a federally cognizable claim that is being made in the instant habeas petition. Otherwise, the purpose of tolling, which is to provide the state courts with the first opportunity to resolve the prisoner's federal claim, is not implicated.</u> We accordingly adopt this rule, and hold that a state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations. Austin's state claim of ineffective assistance of appellate counsel, although presenting a federally cognizable claim, failed to toll the statute for that reason.

*Austin v. Mitchell,* 200 F.3d 391 (6th Cir. 1999) (emphasis added), *cert. denied,* 530 U.S. 1210 (2000). Two unpublished opinions, including one from the Tenth Circuit, also recognize that matters unrelated to the constitutionality of the conviction do not toll the statute of limitations. The Ninth Circuit held that a "'petition to conform arbitration award' . . . which concerned a dispute over fees between Nichols and his retained trial counsel, was not a 'properly filed

4

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim'" under § 2244(d)(2 ).  *Nichols v. Terhune,* 248 F.3d 1172 (9th Cir. 2001) (unpublished).  Similarly, the Tenth Circuit held that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)."  *Osborne v. Boone,* 176 F.3d 489 (10th Cir.) (unpublished), *cert. denied*, 528 U.S. 987 (1999).

The claims at issue in the 1999 "form" habeas petition are condition of confinement claims.  They do not relate to Bonilla's conviction or to constitutional claims he makes regarding the conviction.  Indeed, the "habeas" aspect of the petition is minimal, related only to returning the inmates to New Mexico to pursue the conditions claims:

> This petition seeks to correct illegal conditions of confinement on the ground that Petitioner has been subjected to extremely cruel and unusual punishment . . . .
> \* \* \* \* \*
> WHEREFORE, Petition respectfully requests that this Court issue a Writ of Habeas Corpus, directed to Respondents, requiring them to make a return forthwith and to produce the petition before this Court upon a day and at a time certain, so that he may show why his current, intolerable conditions of confinement amount to cruel and unusual punishment.

*See Doc. 15* (12/14/99 petition in No. 99-992).  I therefore find that the 1999 action does not toll the limitations period under § 2244(d)(2).[4]  As discussed in more detail below, as in *Osborne*, the 1999 action at most relates to pursuing federal habeas relief only in the sense that Bonilla was attempting to obtain materials.

---

[4] Evidently, certain of these state habeas actions were dismissed when the New Mexico prisoner was transferred back to New Mexico.  *See Doc. 11,* Exh. B.  Bonilla's action, No. 99-992, was consolidated with others in March 2000.  *Id.,* Exh. C.  Nothing in the record indicates that this action has concluded.

### *No Grounds For Equitable Tolling*

Noncompliance with the statute of limitations can excused if Petitioner establishes grounds for equitable tolling or actual innocence. *E.g., Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891 (1998). In addition to circumstances surrounding the "form" habeas petition, other facts bear on this inquiry.

About two weeks after he mailed the state conditions petition from Virginia to the New Mexico district court, Bonilla requested that the Virginia warden provide him with his "34 legal tapes." *Doc. 15* (12/12/99 request for services). The warden denied the request on December 29, 1999 saying Bonilla was "not allowed access to these tapes. The only tapes that you can receive are from an approved vendor." *Id.* (Young memo).

After he returned to the Guadalupe facility in New Mexico, Bonilla filed a grievance in July 2000. Among other things, he asked the prison to return the "34 legal tapes and all my legal paper-work" that it had been unable to locate upon his return, or for reimbursement for these materials. The grievance was denied on the ground that Petitioner was housed in "E" pod on the day of the uprising and it was destroyed during the riot. Petitioner appealed, maintaining that he was housed in "B" pod. He also contended that he had his legal materials with him in a bag right after the riot and before he was transferred to Virginia. *See id.* (7/12/00 grievance, Shanks 9/5/00 letter). In his federal petition, however, he asserts that he did not appeal the denial of his first state habeas petition because "*[a]ll legal documents were destroyed in riot and Petitioner was transferred to Virginia with no access to any court anywhere*." *Doc. 1* at 4 (emphasis added). The grievance appeal was denied on the basis that Bonilla resided in the unit that was destroyed by inmates, and the facility is not responsible for the loss of property caused by

prisoners. *See Doc. 15* (7/12/00 grievance, Shanks 9/5/00 letter).

On January 8, 2001, Bonilla filed a third petition for habeas corpus in the state courts. By this time, the federal limitations period had run, so the filing does not count toward tolling.[5] This time he filed for review with the New Mexico Supreme Court, where he belatedly petitioned for certiorari for relief from the denial of his direct appeal and to exhaust his state remedies. *Exh. Z.* Attached to the petition were documents from his trial and the case record. He explained that he secured these documents "only with much difficulty over a period of time," but did not explain how he obtained them. *Id.* at 2. Relief was denied on February 5, 2001. *Exh. AA.* This federal action followed in March 2001.

Bonilla argues that he is entitled to equitable tolling because he was transferred to Virginia and his legal property was destroyed. However, equitable tolling is only available in "rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotations and citations omitted). It is "well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 121 S. Ct. 1195 (2001); *see also Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. ), *cert. denied,* 525 U.S. 891 (1998). Furthermore "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson,* 232 F.3d at 808; *Miller,* 141 F.3d at 978.

---

[5] Filings after the limitations period expire do not toll the limitations period. *See Rowe v. LeMaster,* 225 F.3d 1173, 1175 (10th Cir. 2000); *see also Pfeil v. Everett,* 2001 WL 618209 (10th Cir. 6/6/01) (unpublished) ("even if Mr. Pfeil's motion to withdraw his guilty plea is considered a post-conviction or collateral attack under § 2244(d)(2), neither it nor his later state habeas action were filed during the pendency of the one-year limitation period. Therefore, no mandatory tolling occurred."); *Scott v. Saffle,* 2001 WL 370082 (10th Cir. 4/12/01) (unpublished) ("The filing of Mr. Scott's second application for post-conviction relief . . . did not toll the limitations period because at the time of this filing the federal habeas limitations period had already passed. *See Rashid v. Khulman,* 991 S. Supp. 254, 259 (S.D.N.Y. 1998).").

This is true even if the prisoner is housed out of state and he alleges that he "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." *Miller,* 141 F.3d at 978; *see also McKimble v. Saffle,* 232 F.3d 901 (10th Cir. 2000) (unpublished) ("Claims of inadequate access to lawbooks due to prison transfers are far too general" to justify equitable tolling).

The record, and particularly the materials submitted by Petitioner, do not establish that he was diligent in pursuing his federal claims or that he was precluded from filing by "extraordinary circumstances beyond his control." *See Marsh,* 223 F.3d at 1220.  Indeed, Petitioner's access to the courts was unimpaired by his transfer, as evidenced by his filing of a lawsuit with the New Mexico courts while in Virginia.  I recognize that the "form" habeas petition indicates that Bonilla intended to file for federal habeas relief and also that he believed he needed the destroyed legal tapes and documents to do so.  Nevertheless, I do not find this is a sufficient reason to justify tolling.

The record demonstrates that he had access to his family and the state public defender while he was in Virginia, that he was transferred back to New Mexico months before the limitations period expired, and that he was able to secure the materials he thought he needed despite their destruction.  Bonilla knew in July 2000 that the prison was unable to locate his tapes and files.  Significantly, he also asserts that he previously filed a motion with this court "to appoint counsel to assist in filing the habeas petition; however the motion was denied for the reason that no action was pending." *Doc. 15* at 3.  Petitioner does not indicate when this was done or attach the relevant correspondence.  Yet the assertion underscores his ability to pursue relief in this court within the limitations period.  I find that rather than diligently pursuing federal habeas relief,

Bonilla's diligence was directed towards pursuing other matters.

Because Petitioner declared his actual innocence in the state courts and in his federal petition, I have carefully reviewed the entire record. Petitioner's assertions of innocence are based on the events and testimony at the time of trial and thus are insufficient. "[T]o demonstrate actual innocence in a so-called collateral proceeding, a petitioner must present new reliable evidence that was not presented at trial and show that is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 114 (2nd Cir.), *cert. denied,* 121 S. Ct. 175 (2000). Accordingly, I find no basis for equitable tolling.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Respondent's motion be granted, Petitioner's motion denied, and the petition dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

                                                                            _____
                                                                            UNITED STATES MAGISTRATE JUDGE